```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

JOSEPH LEWIS WILLIAMS,           :
                                 :
     Petitioner,                 :
                                 :
vs.                              :     CIVIL ACTION 12-0611-CG-M
                                 :
CYNTHIA S. WHITE,                :
                                 :
     Respondent.                 :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia S. White and against Petitioner Joseph Lewis Williams pursuant to 28 U.S.C. § 2244(d).  It is further recommended that, if Petitioner files a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of first degree robbery, first

1

degree assault, and attempted kidnapping in the Mobile County Circuit Court on September 29, 2008 for which he received a sentence of twenty-five years on each conviction, to be served concurrently, in the state penitentiary (Doc. 1, p. 2; *see also* Doc. 8, p. 1).  Williams did not appeal either the convictions or sentences (*see* Doc. 1, p. 3).

Petitioner filed a State Rule 32 petition on April 29, 2009 (Doc. 1, p. 4; *see* Doc. 8, pp. 3-4).  Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals dismissed the appeal as untimely filed and, on August 10, 2010, issued a certificate of judgment (Doc. 8, Exhibits C, D).

Williams submitted a second Rule 32 petition on April 24, 2011 (*see* Doc. 8, p. 5).  The petition was dismissed on September 1, 2011 as barred by the statue of limitations and precluded as a successive petition; finally, the claims raised therein were found to be without merit (Doc. E, pp. 55-63).  On April 20, 2012, the Alabama Court of Criminal Appeals affirmed the denial of the petition (Doc. 8, Exhibit H).  The Alabama Supreme Court denied Williams's petition for *certiorari* and, on August 10, 2012, the Alabama Court of Criminal Appeals issued a certificate of judgment (Doc. 8, Exhibits I, J).

Petitioner filed a complaint with this Court on September

2

18, 2012[1] raising the following claims: (1) His sentences for the assault and kidnapping charges exceeded the maximum length of sentence allowed by law; (2) his attorney rendered ineffective assistance of counsel; and (3) he did not voluntarily and knowingly enter into his guilty plea (Doc. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 8, pp. 7-9). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

---

[1] Petitioner initiated this action on September 18, 2012 by signing his petition and giving it to prison authorities (Doc. 1, p. 13).

Petitioner's conviction became final on November 10, 2008, the last day he could appeal his convictions or sentence. Ala.R.App.P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)").  So the AEDPA limitations clock began to run the next day, November 11, 2008.

Petitioner's habeas corpus petition was not filed in this Court until September 18, 2012, after the limitations period had expired.  However, Williams had filed a Rule 32 petition in State court on April 29, 2009 which is before the limitations period had expired.  The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

However, the AEDPA clock had already run from November 11, 2008 through April 29, 2009, a period of 170 days.  The State did not finish with Williams's Rule 32 petition until August 10, 2010 (Doc. 8, Exhibit J).  The next day, the AEDPA clock began

4

to run again and ran for 257 days until April 24, 2011 when Petitioner filed his second Rule 32 petition.[2]  When this period of time, 257 days, is added to the previously-run AEDPA period of 170 days, the clock had already run a total of 427 days.

Williams's second rule 32 petition was concluded on August 10, 2012 (Doc. 8, Exhibit J).  The next day, the AEDPA clock began to run again and ran for 39 days until September 19, 2012, the day this action was filed.  All in all, the AEDPA clock ran 466 days from the time Williams's conviction became final and he filed this habeas petition.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year limitations period and filed in violation of 28 U.S.C. § 2244(d).  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996 (*see* Doc. 10): this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia S. White and

---

[2] The Court agrees with Respondent (Doc. 8, pp. 8-9) that the period of time during which Williams's second Rule 32 was pending should not have stopped the AEDPA clock as it was determined to be barred by a State limitations period and was successive (*see* Doc. 8, Exhibit E, pp. 56-57).  However, the Court notes that even when that time is excluded, the AEDPA limitations period would bar this action.

against Petitioner Joseph Lewis Williams pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Williams did not file this action in a timely manner, a reasonable jurist could not conclude either that this

6

Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that, if Petitioner files a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4

(June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   DONE this 29th day of January, 2013.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE